**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **WGI INNOVATIONS, LTD., a** | } | |
| **Texas limited partnership,** | } | |
| | } | |
| **Plaintiff,** | } | **CIVIL ACTION NO. 3:13-cv-03943-P** |
| | } | |
| **vs.** | } | |
| | } | |
| **RED.COM, INC., dba RED DIGITAL** | } | |
| **CINEMA, a Washington corporation,** | } | |
| | } | |
| **Defendant.** | } | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER
AND BRIEF IN SUPPORT**

## TABLE OF CONTENTS

I.     Relief Requested ...................................................................................................1

II.    Facts .......................................................................................................................2

III.   Arguments and Authorities ...................................................................................5

IV.    Prayer ...................................................................................................................10

V.     Certificate of Service ..........................................................................................11

## TABLE OF AUTHORITIES

### *Cases*

*Amalgamated Gadget, L.P. v. Healthsouth Corp.*,
   No. 4:04-CV-198-A, 2004 U.S. Dist. LEXIS 10560
   (N.D. Tex. June 9, 2004)..................................................................................7

*Cadle Co. v. Whataburger of Alice, Inc.*,
   174 F.3d 599 (5th Cir. 1999) ........................................................................8

*Goldstein v. Gordon*,
   No. 3:00-CV-0022-P, 2002 U.S. Dist. LEXIS 3348
   (N.D. Tex. Feb. 27, 2002)..............................................................................9

*Safe Power Ltd. v. Syntek Fin. Corp.*,
   121 F.3d 947 (5th Cir. 1997) ....................................................................... 8

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*,
   751 F.2d 721 (5th Cir. 1985) ..........................................................................6

### *Statutes*

15 U.S.C. § 1051 (2008) ....................................................................................6
15 U.S.C. § 1119 (2006) ....................................................................................6

### *Rules*

Fed. R. Civ. P. 11 ................................................................................................9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **WGI INNOVATIONS, LTD., a** | } | |
| **Texas limited partnership,** | } | |
| | } | |
| **Plaintiff,** | } | **CIVIL ACTION NO. 3:13-cv-03943-P** |
| | } | |
| **vs.** | } | |
| | } | |
| **RED.COM, INC., dba RED DIGITAL** | } | |
| **CINEMA, a Washington corporation,** | } | |
| | } | |
| **Defendant.** | } | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER AND BRIEF IN SUPPORT

NOW COMES WGI INNOVATIONS, LTD. (hereinafter referred to as "WGI" or "Plaintiff"), by and through its attorneys, to make and file its Response to Defendant's Motion to Dismiss or Transfer and Brief in Support, and would respectfully show the Court as follows:

## I.
## Relief Requested

1.0     WGI Innovations, Ltd. requests the Court deny RED.COM's motion to dismiss or transfer.  Because RED.COM engaged multiple forums before WGI Innovations, Ltd. filed this case, RED.COM is estopped from asserting comity and considerations of a common forum through attempting to assert the first-to-file rule. Because WGI Innovations, Ltd. is not a party to the Southern District of California case and that Court has no personal jurisdiction over the party RED.COM sued, the first-to-file rule should not apply.  Further, Defendant has failed to demonstrate that transfer of this Dallas Division case to the Southern District of California is appropriate.

**II.**
**Facts**

2.0    This lawsuit concerns infringement of RED.COM's trademarks by Plaintiff's use of "Redux" and "Red" on infrared cameras used by hunters to scout for wildlife. (App. pp 28, 32) RED.COM asserts trademarks on high dollar movie cameras and components.

2.1    All the pertinent information concerning the parties and potential parties has been readily available to RED.COM.  WGI Innovations, Ltd. is a Texas limited partnership formed in April, 2005.  Its registered agent is in Dallas, Texas.  WGI Innovations, Ltd. has an office and routinely conducts business in this district and division.  WGI Holdings, Inc. was a Texas corporation formed in April, 2005[1].  All the business organization information was available, as public record, through the Secretary of State of the State of Texas.  Further, information concerning the products, brands and marks are contained on the packaging of the trail cameras about which RED.COM complains.  (App. 28-34)

2.2    Trademarks are used by applying the marks to products or packaging.  Packaging and product information concerning the complained of cameras clearly identify WGI Innovations, Ltd. (**Exhibit 6**, App. pp 29-31, 33-34).  WGI Innovations, Ltd. appears on the outside of the package, namely the bottom panel (App. pp 29-30, 31), as well as in an instruction manual (App. pp 32-34) located inside of the package. The packaging further identifies that REDUX is a trademark of WGI Innovations, Ltd.  The packaging does not identify "RED" as a trademark, because as applied to infrared cameras, "RED" is descriptive and not capable of functioning as a trademark. The packaging also identifies that several other trademarks used in the packaging are owned by another company. (App. pp 28-31)   Specifically, "Wildgame Innovations" and the

---

[1] Until very recently, WGI Holdings, Inc. was the general partner of WGI Innovations, Ltd.  It was just learned from corporate counsel that on October 11, 2013 WGI Holdings, Inc. merged into WILDGAME INNOVATIONS, LLC.

"button logo" are identified as trademarks owned by Wildgame Innovations, LLC.   Synergy Outdoors, LLC and WGI Holdings, Inc. are found nowhere on the packaging. (App. pp 28-31)

2.3     RED.COM points to the website www.wildgameinnovations.com does not show use of the RED or REDUX marks by Synergy Outdoors, LLC or Wildgame Innovations, LLC.   The website identifies that the copyright for the website is owned by Wildgame Innovations, a Synergy Outdoors company but this is not trademark use.

2.4     Plaintiff, WGI Innovations, Ltd., filed its application to register the trademark "REDUX" in the United States Patent and Trademark Office ("USPTO") on November 9, 2012 (**Exhibit 2**, App. pp 4-9).   The application identified WGI Innovations, Ltd., a Texas limited partnership as the applicant and owner of the mark the subject of the application. *Id.*   The application also plainly disclosed WGI Holdings, Inc., a Texas corporation, as the general partner of the applicant. *Id.*   After being examined by the USPTO, the mark was published on April 16, 2013 (**Exhibit 3**, App. p. 10).   Publication allows any party who believes it would be damaged by the registration of a mark to attempt to stop the registration thereof.   A party has thirty (30) days from the date of publication to file an opposition.

2.5     On May 13, 2013, more than a month before it brought the California lawsuit, RED.COM filed a request in the USPTO for additional time to oppose the "REDUX" trademark application (**Exhibit 4**, App. p 11).   The request for extension of time to oppose filed by RED.COM named WGI Innovations, Ltd. as the applicant and was signed on behalf of RED.COM by Mr. Greg Nelson, *Id.* the same attorney who signed the Motion to Dismiss.   WGI Innovations, Ltd. and its, then, general partner, WGI Holdings, Inc., were first alerted to a dispute with RED.COM when it requested an extension of time to oppose the "REDUX" trademark application, again over a month before REDUX filed suit in California. *Id.*

2.6     On June 27, 2013, RED.COM sued WGI Holdings, Inc. in the Southern District of California.   The caption of the California case states "WGI Holdings, Inc. d/b/a WGI Innovations, Ltd."   However, that a corporation is asserted to be doing business under an assumed name of a limited partnership is immediately suspect, and not factual.   Tellingly, RED.COM's complaint unequivocally states that "RED … hereby complains of Defendant WGI Holdings, Inc. (hereinafter referred to as "WGI" or "Defendant") … ."   Despite all the information clearly stating that WGI Holdings, Inc. was, then, the general partner of WGI Innovations, Ltd., in its original complaint RED.COM asserted that: "RED is informed and believes that Defendant may be doing business as Wild Game Innovations, Ltd.," and not even "WGI Innovations, Ltd.," as it captioned its complaint.[2]   RED.COM's complaint fails to state how or through whom it could have been so misinformed despite all the readily available information.

2.7     After filing the California lawsuit, RED.COM opposed WGI Innovations Ltd.'s trademark application on REDUX for infrared game trail cameras in the USPTO claiming likelihood of confusion with its RED.COM's trademarks (**Exhibit 5**, App. pp 13-27).   With the exception of the parties, there is substantial overlap between the California lawsuit and the USPTO opposition.   The California lawsuit asserts a likelihood of confusion between Red.com's "Red" marks and the mark "Redux" (see ¶¶ 26 and 38 of the Original Complaint, Exhibit 1 of Red.com's Motion to Dismiss, and ¶¶ 17 and 41 of the First Amended Complaint, Exhibit 2 of Red.com's Motion to Dismiss).   Likewise, the opposition in the USPTO asserts a likelihood of

---

[2] On page 3 of its motion, RED.COM misquotes a sentence from its original complaint as: " … Defendant may be doing business as Wildgame [WGI] Innovations, Ltd." In the original there is no "[WGI]" between "Wild Game" and "Innovations, Ltd." This was obviously added in quoting this sentence in RED.COM's motion, but without any notation.  Rather than responding to RED.COM's name calling in-kind, we choose to assume the lack of notation that "[WGI]" had been editorially added was inadvertent, a mistake, and not an attempt to mislead this Court.  Also, the original states "Wild Game" Innovations, Ltd. and not "Wildgame" Innovations, Ltd. as misquoted.  WGI Innovations, Ltd. has correctly quoted this sentence from RED.COM's original complaint and without any addition.

confusion between Red.com's "Red" marks and the mark "Redux" (see ¶ 8, Exhibit 5 hereto). (App. p 27)  After filing the opposition, RED.COM did not seek to amend its California lawsuit to drop WGI Holdings, Inc. and add WGI Innovations, Ltd.

2.8     Attached hereto as **Exhibit 1** is the Declaration of Geoffrey A. Mantooth.   After RED.COM has filed suit and opposed WGI Innovations, Ltd.'s trademark application in the USPTO, settlement discussions occurred between counsel for the parties, on the one hand Greg Nelson for RED.COM and on the other hand, Geoff Mantooth for WGI Innovations, Ltd. and its general partner, WGI Holdings, Inc. (**Exhibit 1**, ¶ 9, App. pp 2-3)  The settlement discussions involved resolving the entire dispute, as pending in the two forums.   These settlement discussions were very encouraging and led to several extensions of time in the California lawsuit and a Confidentiality Agreement for the pre-discovery disclosure of confidential information so as to further settlement discussions.   After receiving the confidential information under the Confidentiality Agreement, RED.COM made, for the first time, a monetary demand.   That alerted Plaintiff, WGI Innovations, Ltd., that the dispute was unlikely to be resolved.   As it was not a party to the California lawsuit, Plaintiff filed this lawsuit. *Id.*

### III.
### Arguments and Authorities

3.0     Consideration of this matter begins with the fact that although RED.COM now attempts to bitterly complain about multiple forums, it was the first party to expand this dispute to multiple forums.   After obtaining an extension of time to oppose the "REDUX" trademark application in the USPTO, RED.COM elected to litigate likelihood of confusion in two forums,

the USPTO and federal district court.  Accordingly, it should not be heard to complain about multiple forums because it introduced more than one forum by its own actions. [3]

3.1     The first-to-file rule has been held to rest on principles of comity and sound judicial administration. *Save Power, Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).  "The federal courts long have recognized that the principle of comity requires federal districts courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs."  *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721 (5th Cir. 1985).  However, in this case the party seeking to invoke the first-to-file rule already split forums through proceedings in the USPTO via the opposition it filed.  None of the cases relied upon by RED.COM as authority, have applied the first-to-file rule in a circumstance where, as here, there is already a split forum deciding the foundational issue in trademark disputes- likelihood of confusion.  Indeed, Respondent's research thus far has failed to reveal such a case.  Under the circumstances in this case, especially having already invoked multiple forums, this Court should conclude that comity does not demand adherence to the first-to-file rule and decline to dismiss or transfer this case.

3.2     Consideration of the context of this matter continues in noting that RED.COM did not sue in the district or division in which it was incorporated; has any employees; or has its place of business.  RED.COM, Inc., incorporated in the State of Washington, has its principal place of business in Irvine, Orange County, California.  Orange County, California is within the Southern

---

[3] Red.com can obtain complete relief in the courts without the opposition.  In the California case, Red.com is seeking an injunction against use of the "Redux" mark. Plaintiff's application to register "Redux" is an intent-to-use application under Section 1(b) of the Lanham Act, requiring actual use in order to obtain a registration. 15 U.S.C. § 1051 (b) (2008).  In the event "Redux" becomes registered, Red.com can seek to cancel the registration in court. 15 U.S.C. § 1119 (2006).

Division of the Central District of California. RED.COM's only known tie to the Southern District of California is that its counsel's office is located in Solana Beach, California within the Southern District of California, and presumably the only reason RED.COM filed a suit there. RED.COM, no doubt, characterizes its own venue irregularity as a "creative choice" while attempting to malign that of WGI Innovations, LTD. as forum shopping. Because the Northern District of Texas and the Dallas Division are patently appropriate, this Court should conclude that comity does not demand adherence to the first-to-file rule and decline to dismiss or transfer this case.

3.3    Concerning the Court's analysis of overlap under the first-to-file rule, WGI Innovations, Ltd. was not the party RED.COM sued in its Southern District of California case, despite all of the information available to RED.COM. Rather, WGI Holdings, Inc., a party without any contacts with California, was the party sued. Immediately, after learning of WGI Innovations, Ltd.'s suit in the Dallas Division, RED.COM amended its pleadings but again failed to sue the entity the public record and product packaging identifies as the owner of the marks (WGI Innovations, Ltd.) about which RED.COM complains. In that sense, RED.COM's amended pleading violates the so-called first-to-file rule because the first Court with jurisdiction over WGI Innovations, Ltd. is this Court. Further, the cases upon which RED.COM relies are distinguishable because the party RED.COM first sued in California had no contacts with that forum. Accordingly, the issue of lack of contacts WGI Holdings, Inc. has with California is not an issue in this Texas case. This distinction had formed the basis for a Court declining to apply the first-to-file rule and transfer a second filed case. *See Amalgamated Gadget, L.P. v. Healthsouth Corp.*, No. 4:04-CV-198-A, 2004 U.S. Dist. LEXIS 10560 (N.D. Tex. June 9, 2004). Indeed, in the cases cited by RED.COM, there were no jurisdictional issues. Under our

circumstances with a lack of identity of the parties and incomplete identity of issues, this Court should conclude that comity does not demand adherence to the first-to-file rule and decline to dismiss or transfer this case.

3.4     RED.COM cites several cases to support its position that the parties need not be identical. However none of these cases apply.  In *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599 (5th Cir. 1999), the parties were present in both the first filed bankruptcy case and the later filed District Court case.  In *Safe Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947 (5th Cir. 1997), the case involved consolidation of two cases before judges in the same Fort Worth division.  The Fifth Circuit invoked the first to file rule to reverse the District Court of the second filed case.  In neither of these above cases, was the party forced to leave the state to join into another lawsuit.

3.5     The real party in interest in this dispute is Plaintiff, WGI Innovations, Ltd.  The California defendants, namely Synergy Outdoors, LLC., Wildgame Innovations, LLC. and WGI Holdings, Inc., do not use the complained of marks.  "Synergy" is only identified on a website as a parent of the copyright owner.  Wildgame Innovations, LLC is identified as a licensor of trademarks on the packaging.  Acknowledgement of ownership of a mark by a third party is common in trademark licenses.  Such acknowledgement advises the public that while the product is offered by one company (WGI Innovations, Ltd), some of the marks are owned by another company.  Such co-branding arrangements are common.  For example, Visa and the NFL; McDonald's and the Olympics (**Exhibit 7**, App. pp 35-38).  The mere licensing or granting a permission to use a trademark does not constitute use of a third party trademark and thus cannot be infringement of a third party trademark.  Nowhere on the packaging are the defendants in the California lawsuit found as user of the complained of marks. (App. pp 28-34)  WGI Holdings, Inc., Synergy Outdoors, LLC, Wildgame Innovations, LLC.

3.6     Arguably, RED.COM conduct in suing the general partner, WGI Holdings, Inc., in California fails to meet the standard set by FED. R. CIV. P. 11, which requires, *inter alia*, a reasonable inquiry be made into the facts that support the complaint against the party named in the suit.  Especially, having established that the information was there for the taking, especially in the trademark application RED.COM opposes, its arguments that it "tried" to identify the proper party but "failed" is reminiscent of the cheaters.com case in this very Court.  *See Goldstein v. Gordon,* No. 3:00-CV-0022-P, 2002 U.S. Dist. LEXIS 3348 (N.D. Tex. Feb. 27, 2002).  In the *Goldstein* case, this Court found disingenuous plaintiff's statement regarding the inability to locate the defendant, when the defendant's address was on record and plaintiff filed a document in court that contained the address.  This Court found that conduct sanctionable. WGI Innovations, Ltd. seeks no sanctions against RED.COM but it should not be heard to invoke comity while name-calling and claiming that it was so confused as to Plaintiff's identity.  This rings hollow in light of the public record in RED.COM actions in the USPTO.  Any confusion is of its own making.

3.7     Further, RED.COM's complaint concerning the inability of WGI Innovations, Ltd. to accommodate it with an extension of time to respond to this suit merits, if at all, only the briefest response.  The time extensions WGI Holdings, Inc. received to respond to RED.COM's suit had everything to do with facilitating settlement discussions, working out a confidentiality agreement and, in good faith, providing RED.COM confidential information upon being lead to believe settlement was at hand.  They had nothing to do with any additional time needed to respond to RED.COM's complaint.  After RED.COM got information it wanted, the dynamic changed dramatically requiring litigation.  If RED.COM's definition of "retaliatory" is accepted, then

virtually all lawsuits filed after reaching an impasse in pre-suit settlement negotiations is "retaliatory."

3.8     Finally, WGI Innovations, Ltd. would have gladly reciprocated with the suit response time extension RED.COM requested, stated to be needed in order to "retain local counsel and prepare an answer." If, however, that was the real purpose for its request, RED.COM should have had no problem in agreeing that neither party would be advantaged or disadvantaged by the timing of responses to WGI Innovations, Ltd.'s complaint and to RED.COM's amended complaint.  However, RED.COM steadfastly refused to maintain any such parity. It brazenly disclosed its intent to require timely response to its amended complaint in California in order to demonstrate further activity there as compared with this case.  Again, without reciprocal name calling, the short period of time RED.COM actually required to file its motion through local counsel; obtain admission *pro hac vice* for its California counsel; and prosecute its motion speaks for itself and belies any idea that RED.COM's extension of response time agenda was comity with WGI Innovations, Ltd.

## IV.
## Prayer

WHEREFORE, PREMISES CONSIDERED, WGI Innovations, Ltd. prays that upon hearing hereof the Court will deny RED.COM's motion to dismiss or alternatively transfer this case.   WGI Innovations, Ltd. prays that the Court will order that RED.COM answer its complaint.  WGI Innovations, Ltd. prays for general and such other relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

/s/ Daniel L. Bates
Daniel L. Bates
State Bar No. 01899900
Email:  dbates@deckerjones.com

Geoffrey A. Mantooth
State Bar No. 12957530
Email:  gmantooth@deckerjones.com

DECKER, JONES, McMACKIN,
  McCLANE, HALL & BATES, P.C.
801 Cherry Street, Suite 2000, Unit #46
Fort Worth, Texas 76102
Telephone:  (817) 336-2400
Telecopier:  (817) 336-2181

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November 2013, I electronically filed Plaintiff's Response to Defendant's Motion to Dismiss or Transfer and Brief in Support with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

Gregory K. Nelson
WEEKS NELSON
462 Stevens Avenue, Suite 310
Solana Beach, CA 9207

William D. Taylor
Taylor & Taylor Law, P.C.
4115 Highgrove Dr.
Arlington, Texas 76001

*Attorneys For Defendant*

/s/Daniel L. Bates
Daniel L. Bates